WEISIGER v. WOOD.

1. INCONSISTENT DEFENCES.—A party sued as administrator of his deceased wife cannot claim that he should have been sued as surviving partner of such wife, while at the same time contending that she, as a married woman, was incapable of forming a partnership.

2. FACTS IN LAW CASE—MARRIED WOMEN—PARTNERSHIP.—The Circuit Judge having found as a fact in a law case tried by him without a jury, that the plaintiffs' claim was for goods sold to a pretended partnership composed of husband and wife, it follows that the separate estate of the wife is not liable on such claim.

Before IZLAR, J., Barnwell, March, 1891.

This was an action by Weisiger and Tiffany against L. E. Wood, as administrator of Rebecca J. Wood, deceased, commenced in February, 1889.

*Mr. I. L. Tobin*, for appellant.

*Mr. Robert Aldrich*, contra.

July 20, 1892. The opinion of the court was delivered by

MR. JUSTICE MCGOWAN. This was an action to recover the value of goods sold and delivered by the plaintiffs to "Wood & Co.," of Allendale, Barnwell County, amounting in the aggregate to $1,677.25. The account was admitted to be correct, and

the only question in the case was whether the plaintiffs are in law entitled to recover.

It seems that the defendant, L. E. Wood, and Rebecca J. Wood, were husband and wife; that the wife had means, but the husband had none; that in January, 1886, Mrs. Wood, with her own separate estate, purchased a stock of goods from one O. D. Wood, and entered into an agreement with her husband, L. E. Wood (which is in the "Brief"), to the following effect: *First.* That the style of the copartnership shall be "Wood & Company;" that the said Rebecca J. Wood is the owner and proprietress of the stock, and shall continue to be the owner thereof; and in case of any additions being made to the same from time to time, it shall be at the cost and expense of the said Rebecca J. Wood. All profits which may accrue to the said partnership shall be equally divided between the said parties; and all losses happening to the said firm, whether from bad debts, depreciation of goods, or any other cause or accident, and all expenses of the business, shall be borne by said parties equally. *Second.* That said L. E. Wood shall devote and give all his time and attention to the business of the said firm, and generally to the care, superintendence and management thereof, purchase goods necessary to the said business."

The business seems to have been conducted by the defendant as agent, and in that way the debt due to the plaintiffs was contracted. But in August, 1887, Mrs Wood died intestate, whereupon the defendant was appointed administrator of the estate of his deceased wife, and refusing to pay this claim of the plaintiffs, they brought this action against him as such administrator. The papers are not in the "Brief," but it appears from a ground of appeal that at some former term of the court, a motion was made by defendant's counsel to dismiss the complaint, on the ground that it did not state facts sufficient to constitute a cause of action, in that *the administrator* of a deceased partner cannot be sued upon a partnership liability; that a partnershsip debt is a joint liability, and upon the death of one of the partners the action should be against the survivor alone. Judge Kershaw overruled the demurrer, and the defendant excepted.

The cause finally came on for trial at the March term of the

court, 1891. The parties waived a jury trial and consented that the case should be heard by Judge Izlar, who decided as follows: "I find as matter of fact: that the debt forming the basis of the action was for goods sold by the plaintiffs to 'Wood & Co.,' a so-called partnership between the intestate, Rebecca J. Wood, a married woman, and L. E. Wood, her husband. As matter of law, I find that such a contract is one a married woman has no power to make, and a liability she cannot incur." From this decision the defendant appeals to this court upon the following exceptions:

1. Because his honor, the presiding judge, found as matter of fact that the debt forming the basis of this action was for goods sold by the plaintiffs to "Wood & Co.," a so-called copartnership between the intestate, R. J. Wood and L. E. Wood, her husband, in which, it is submitted, that his honor erred, as it is shown by the evidence that the goods were bought by Rebecca J. Wood in the name of Wood & Co. for her own benefit, and never became partnership assets, but, on the contrary, were held and owned by her as her separate property.

2. Because his honor erred in finding as matter of law, that the contract was one a married woman has no power to make, and a liability she could not incur; *whereas* he should have found that the liability being for the benefit of her separate estate, according to the terms of the agreement between the said Rebecca J. Wood and her husband, and, according to the evidence, being for the purchase money of the stock of goods, it was a liability she could incur, and which could be enforced against the stock of goods, which, with a few choses in action, representing portions of the stock, which had been sold, constituted her entire personal estate.

3. Because the so called articles of copartnership show that L. E. Wood had no interest as partner or otherwise in the stock of goods, but that the same were owned by the intestate, Rebecca J. Wood, in her own right as her separate property, and her husband was compensated for his services in managing her business out of the net profits thereof, and is estopped from claiming any interest therein by the said agreement and his act of administration.

This is the old question as to the rights, liabilities, and powers of a married woman, coming in a new and embarrassing form.

*First*, as to the appeal of the defendant from the intermediate order of Judge Kershaw, overruling the verbal demurrer to dismiss the complaint, on the ground that it did not state facts sufficient to constitute a cause of action. We do not think there was error in refusing the motion, which was based on the view that there was a legal and subsisting copartnership existing between the defendant and his wife, Rebecca J. Wood. at the time of her death. It would certainly be remarkable, if, in a case defended on the ground that Mrs. Wood *could not enter into a partnership* with her husband, so as to make her liable for debts contracted thereby, yet that the defendant was entitled to have the complaint dismissed, for the reason that the action should have been brought *against him as surviving partner*. The two remedies are inconsiste t. and the defendant cannot proceed upon both at the same time in the same case.

*Second.* Then as to the appeal of plaintiffs. They insist that the agreement relied on to establish a "partnership," itself shows that there was not, in the true sense of the word, a *bona fide* copartnership between the defendant and his wife; but that the arrangement, under the form and name of a partnership, in substance and in fact was only a mode ef enabling *Mrs. Wood*, who owned the whole property, to conduct a mercantile business for the benefit of her separate estate. under the supervision of her husband as her agent, who had no further interest in the concern than as *said superintendent*, his salary being *measured* by what should turn out to be *one half of the profits of the concern*. It seems to me (speaking for myself alone) that looking to substance rather than to form, this view is not without force; but the Circuit Judge found as a matter of fact "that the debt forming the basis of the action, was for goods sold by the plaintiffs to 'Wood & Co.,' a so-called copartnership between the intestate, Rebecca J. Wood, and L. E. Wood." This is a law case, in which we have no right to review this finding of fact, and that being so, I am unable to distinguish this from the case of *Gwynn* v. *Gwynn*, 27 S. C., 526, in which it was held that the separate estate of a married woman could not be made

liable for a contract entered into in the name of a partnership, formed and believed to exist between the wife and the husband, the majority of the court holding "that the question being one of *power* and *not* of intention, no acts or representations made by the married woman, in the absence of fraud, would operate as an estoppel against her."

The judgment of this court is, that the judgment of the Circuit Court be affirmed.